UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KEVIN SAGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV30 LMB |
| | ) | |
| ROGER LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff, an inmate at New Madrid County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. Because plaintiff has no money in his inmate account, the Court will grant plaintiff leave to proceed in forma pauperis and he will not be required to pay the filing fee at this time. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken

for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are the New Madrid County Sheriff's Department and

Roger Lewis, a Deputy Sheriff. Plaintiff asserts that he was subjected to excessive force and verbal harassment by defendant Lewis when he was moved from the regular population into administrative segregation in January of 2010. Specifically, plaintiff claims that defendant Lewis shoved him, pushed him and caused him to fall into a cell door, resulting in facial swelling. Plaintiff seeks monetary damages for defendant's allegedly unlawful behavior.

## Discussion

The complaint is frivolous against the New Madrid County Sheriff's Department because police departments are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992)(departments or subdivisions of local government are "not juridical entities suable as such."); *Catlett v. Jefferson County,* 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004).

The complaint is silent as to whether defendant Lewis is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir.1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case, New Madrid County. To state a claim against a municipality or a government official in his or her official capacity,

plaintiff must allege that a policy or custom of the governmental entity is responsible for the alleged constitutional violation. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of New Madrid County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall not be required to pay a filing fee at this time.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of February, 2010.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE